**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-6641**

_____

FREDRICK GIBBS,

Plaintiff - Appellant,

versus

CLIFTON STYRON; JAMES SHINGLETON,

Defendants - Appellees,

and

RALPH THOMAS, Sheriff; CORPORAL HUNTER,

Defendants.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief
District Judge.  (5:04-ct-00422-FL)

_____

Submitted: July 20, 2006                 Decided: July 27, 2006

_____

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Fredrick Gibbs, Appellant Pro Se.  Norwood Pitt Blanchard, III,
CRANFILL, SUMNER & HARTZOG, LLP, Wilmington, North Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Fredrick Gibbs seeks to appeal the district court's order granting in part and denying in part the Defendants' motion to dismiss. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on January 24, 2006. The notice of appeal was filed one day late on February 24, 2006.[*] Because Gibbs failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We further note that even if the appeal was timely, we would dismiss the appeal for lack of jurisdiction because Gibbs is seeking to appeal an order that is neither a final order nor an appealable interlocutory or collateral

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

order.  We also deny Gibbs' motion seeking an order compelling the prison to give him copies of his medical record.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED